CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 2 1 2007

JOHN F. CORCORAN, CLERK
BY: J. Bright
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| FABRIKO ACQUISITION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADVISCO CAPITAL CORPORATION and PHILIP NEWMAN, | ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 7:06cv00126

**MEMORANDUM OPINION AND ORDER**

By: Samuel G. Wilson
United States District Judge

Plaintiff Fabriko Acquisition Corporation ("Fabriko") has filed a motion to reinstate its case against defendants Advisco Capital Corporation and Philip Newman. Fabriko filed this case on March 6, 2006 and the court issued a notice on June 14, 2006 notifying Fabriko that pursuant to Federal Rule of Civil Procedure 4(m), Fabriko had until July 5, 2006, 120 days after the filing of the complaint, to serve the defendants with a copy of the summons and complaint or the case would be dismissed without prejudice. The Court issued a second notice on July 6, 2006 informing Fabriko that the 120 day time limit had expired and that Fabriko had 15 days from the date of the notice to notify the Clerk of the Court that service had been accomplished on the defendants otherwise the defendants would be dismissed without prejudice. Fabriko did not respond to this notice, did not serve the defendants with a copy of the summons and complaint, and offered no reason to the court as to why service had not been accomplished. On August 15, 2006, the court dismissed the case. Fabriko then filed a motion

-1-

to reinstate the case, which the court has construed as a motion for reconsideration.

Federal Rule of Civil Procedure 4(m) provides that:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Fourth Circuit has explained that, under Rule 4(m), "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." Giacomo-Tano v. Levine, 199 F.3d 1327 (4th Cir. 1999) (citing Henderson v. United States, 517 U.S. 654, 663 (1996); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); and Hendry v. Schneider, 116 F.3d 446, 449 (10th Cir. 1997)). Fabriko, in its motion to reinstate this case, admits that it made no attempts to serve defendants within the 120 day time limit. Fabriko's reasons for failing to comply with the 120 day time limit and failing to respond to either notice from the court are confined to Fabriko's concern that it did not yet have adequate information to proceed with the case and therefore chose not to take any action or serve defendants with process. Fabriko claims that it was not until August 16, 2006, just one day after this court dismissed the suit, that Fabriko received adequate information to proceed with its case against the defendants, and Fabriko now requests an additional 30 days to serve the defendants with process. While it is not evident that Fabriko has demonstrated good cause for failing to serve the defendants in a timely fashion, the court in its discretion will reinstate this case and allow Fabriko thirty (30) days from the date of this order to notify the Clerk of the Court that service has been accomplished on both defendants, otherwise the case will be

-2-

dismissed. Accordingly, it is **ORDERED** and **ADJUDGED** that Fabriko's motion for

reconsideration is **GRANTED** and this case is **REINSTATED** to the active docket of the

court.

      **ENTER**: February 2/// 2007.

UNITED STATES DISTRICT JUDGE

-3-